# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
## CIVIL MINUTES

---

**Case Title :**   Eric Carl Decatur   **Case No :** **10−41229 − E − 13L**
 **Date :**   12/7/10
 **Time :**   02:00

**Matter :**   [15] − Objection to Confirmation of Plan
[PD−1] Filed by Creditor Deutsche Bank
National Trust Company (shbs)

**Judge :**   Ronald H. Sargis
**Courtroom Deputy :**   Janet Larson
**Reporter :**   Diamond Reporters
**Department :**   E

---

**APPEARANCES for :**
**Movant(s) :**
(by phone)   Creditor's Attorney − Matthew Clark
**Respondent(s) :**
    Debtor(s) Attorney − John A. Tosney
    Neil Enmark (for the Trustee)

---

HEARING CONTINUED TO: 2/24/11 at 01:30 PM

The hearing was continued for the following reason(s):


Local Rule 9014−1(f)(2) Motion.

Proper Notice Provided. The Proof of Service filed on September 22, 2010, states that the Motion and supporting pleadings were served on Debtor, Debtor's Attorney, Chapter 13 Trustee, and Office of the United States Trustee. By the court's calculation, 20 days' notice was provided.

The Objection to the Plan was properly set for hearing on the notice required by Local Bankruptcy Rule 9014−1(f)(2) and the procedure authorized by General Order 05−03, Paragraph 3(c). Consequently, the Debtor, the Trustee, the U.S. Trustee, and any other parties in interest were not required to file a written response or opposition to the motion. If any of these potential respondents appear at the hearing and offers opposition to the motion, the court will set a briefing schedule and a final hearing unless there is no need to develop the record further.

The court's decision is to continue the hearing on the Objection for an evidentiary hearing.

Deutsche Bank National Trust Company opposes confirmation of the Plan. The objecting creditor holds a deed of trust secured by the Debtor's residence. The creditor has filed a timely proof of claim in which it asserts $43,786.04 in prepetition arrearages. The Plan does not propose to cure these arrearages, listing the claim as $15,000.00.

Debtor opposes the objection on the basis that he entered into a loan modification agreement with America's Servicing Company, Deutsche Bank's servicing agent, on July 6, 2009, and made payments under the modification. The Debtor offers a copy of the partially executed loan modification agreement. According to the cover letter included with the modification agreement, the modification offer expired on July 11, 2009. The date written next to Debtor's signature on the second page of the agreement reads "8/25/09." It appears that this modification offer expired before it was accepted. An expired offer cannot be accepted. Cal. Civ. Code 1587(2) (Deering 2010); see also Restatement (Second) of Contracts 41(1) (1981).

The courts review of the evidence shows that Debtor made a $3,198.58 payment on September 16, 2009, and a $2,933.00 payment on October 16, 2009. Debtor then offers a document which purports to be communications between the Debtor and America's Servicing Company. The communications appear to create a second loan modification at a monthly payment of $2,483.04. Debtor offers evidence of withdrawals from his checking account in the amount of $2,483.04 to fund payments to America's Servicing Company through his bank's bill pay service. The withdrawals were made on May 4, 2010, June 7, 2010, and July 7, 2010.

America's Servicing Company offers the Declaration of Teresa Diaz−Cochran, Bankruptcy Analyst. It is throughly unhelpful. Ms. Diaz−Cochran spends two pages establishing her personal knowledge of the loan file, the obligation owed by the Debtor, and the right of America's Servicing Company to be a party to these proceedings. The meat of Ms. Diaz−Cochran's declaration is limited to a one−sentence statement, "I am informed and believe that Debtor has not entered into a loan modification agreement with [Deutsche Bank National Trust Company] at this time." (Decl. of Teresa Diaz−Cochran 3:8−9, Dckt. 35.)

First, as a purportedly competent witness, the court has trouble with Ms. Diaz−Cochran testifying that she is "informed and believe[s]" that Debtor has not entered into a loan modification agreement. Either the business records, of which she is a custodian, reflect it or not. Though a complaint, motion, or answer may be based on "information and belief," when a person testifies under penalty of perjury, that person must be testifying based on their own personal knowledge. A witness' testimony based on "information and belief" is merely a statement that "I don't know, but would guess that . . . ." FN1.

_____

FN1. Ms. Diaz−Cochran's testimony is further undercut by her statements by which she attempts to establish that she is a competent witness. She testifies that she has personal knowledge that (1) on or about July 27, 2006 the Debtor made, executed, and delivered to WMC Mortgage Corporation the Note, and (2) on or about July 27, 2006, the Debtor made, executed, and delivered to WMC Mortgage Corporation the Deed of Trust to secured the Note. Further, Ms. Diaz−Cochran makes the legal sounding statement that "Movant qualifies as the Note Holder and is entitled to payments under the Note. However, Ms. Diaz−Cochran does not state what she mean by the phrase "Holder of the Note," and she carefully never testifies that the Movant owns the Note, is the agent of the person who owns the Note, or how it comes to assert the right to receive payment on the Note. She also merely testifies that the beneficial interest in the Deed of Trust was assigned to an unidentified "Creditor," which presumably is different from the Movant, which is separately identified.

The Objection to Confirmation identifies Deutsche Bank National Trust Company as the "Creditor," but only alleges that the Deed of Trust was assigned the "Creditor." Deutsche Bank National Trust Company never asserts that it was assigned the Note, either personally or in a fiduciary capacity, such as the trustee of a trust consisting of securitized loans sold to investors. Giving what appear to be the glaring deficiencies in Ms. Diaz−Cochran's testimony, the court will not presume that she knows that the term "Creditor" is a reference to Deutsche Bank National Trust as the assignee of a deed of trust (which does not address what entity owns the note and is the actual creditor).
_____

Further, it is not unreasonable for a creditor or creditor's agent such as America's Servicing Company to address the history of loan modification negotiations, its communication with the Debtor on this issue, and payments made by the Debtor. The court finds Ms. Diaz−Cochran's testimony unpersuasive.

Based on the current evidentiary record, the court cannot reach a competent decision on this controversy. Therefore, the court will set the Objection for an evidentiary hearing on confirmation with live witnesses.

The court shall issue an evidentiary confirmation hearing order setting the following dates and deadlines:

1. Evidence to be submitted as provided in Local Rule 9017−1.

2. Debtors shall lodge with the court and serve their direct testimony statements and exhibits on or before January 14, 2011.

3. Deutsche Bank National Trust Company and any other parties in interest shall lodge with the court and serve their respective direct testimony statements and exhibits on or before January 24, 2011.

4. On or before January 31, 2011, the parties shall file and serve evidentiary objections and supplemental hearing briefs, if any.

5. On or before February 7, 2011, the parties shall file and serve oppositions to evidentiary objections, if any.

6. The Evidentiary Confirmation hearing shall be conducted on February 24, 2011 at 1:30 p.m.